From the outset of litigation, the adverse actions Ms. Moore claims to have suffered include (1) being required to make appointments to view records in violation of Kentucky's Open Records Act; (2) the deletion of the videos Ms. Moore requested pursuant to Kentucky's Open Records Act; and (3) being prohibited from volunteering in Shelby County Animal Shelter. [R. 1-3 at 10.] This Court previously granted summary judgment to the Defendants on this claim in part because "[r]equiring an appointment to review records, while perhaps in violation of Kentucky's *808 Open Records Act, does not have the chilling effect as described in relevant case law." [R. 13 at 8.] In reversing this Court's order, the Sixth Circuit addressed the sufficiency of the alleged "adverse action" as follows:
Moore also pleads the second and third elements: that the deletion of records would deter a person of ordinary firmness from engaging in such speech and publication, and that this deletion was motivated at least in part by Moore's speech. Further discovery is needed to answer whether these are genuine issues of material fact.
Moore v. Shelby Cty. , 718 F. App'x 315, 321 (6th Cir. 2017). It is unclear to this Court why further discovery was necessary on the second element of the Holzemer framework. Regardless, the adverse actions alleged by Ms. Moore are the same after discovery as those alleged in the initial complaint. The question, therefore, is whether the adverse actions alleged would "deter a person of ordinary firmness" from exercise of their First Amendment rights. See Thaddeus-X , 175 F.3d at 395. In the view of this Court, the answer is decidedly 'no.'
"The term 'adverse action' is drawn from employment case law; examples in that context include discharge, demotions, refusal to hire, nonrenewal of contracts, and failure to promote." Thaddeus-X , 175 F.3d at 396. Ms. Moore was not employed by Shelby County Animal Shelter, and so the examples of adverse action in the workplace are less than helpful in analyzing this case. Shelby County could not, and did not, undertake any of the "adverse actions" that are commonly seen in the employment context. The courts in this Circuit have had less occasion to analyze First Amendment retaliation claims outside of the employment context.
One of the first cases to do so was Fritz v. Charter Township of Comstock . See Fritz v. Charter Township of Comstock , 592 F.3d 718, 724 (6th Cir. 2010) ("Since our en banc decision in Thaddeus-X ... this is one of the first concerning a private individual ...."). The plaintiff in Fritz argued the defendants had taken adverse actions against her by "den[ying] zoning and signage variances" and by threatening her relationship with her employer, Farm Bureau. Fritz , 592 F.3d at 723. In Fritz , the defendant's contacted Farm Bureau and threatened "its presence in the community would be jeopardized" if the plaintiff did not refrain from criticizing city officials in the press or at public meetings in the future. Id. There, the Sixth Circuit found, in pleading "a threat to her economic livelihood directly traceable to Defendants' conduct," Fritz had pled an adverse action sufficient to survive a motion to dismiss. Id. at 729. Ms. Moore has not experienced a threat to her livelihood by Defendants' conduct. Instead, she has experienced inconvenience and been denied access to records. Other examples of adverse actions from the case law are similarly more severe than what Ms. Moore has alleged. See Paterek v. Vill. of Armada , 801 F.3d 630 (6th Cir. 2015) (adverse action consisting of "numerous tickets that were issued to plaintiffs, the suits that were initiated against them, and the loss of John Paterek's position on the [Downtown Development Authority]"); Bloch v. Ribar , 156 F.3d 673 (6th Cir. 1998) (finding an adverse action where defendant released highly personal details of vicitm's rape to the press).
By the same token, the Sixth Circuit has actually declined to find an adverse action in cases where the conduct was more egregious than that alleged by Ms. Moore. See Stolle v. Kent State University , 610 F. App'x 476, 484 (6th Cir. 2015) (finding no *809 adverse action where "1) [plaintiff] was verbally reprimanded for communicating with state legislators; 2) he was ordered to cease all communications with state legislators; 3) he was led to believe that if he continued such communications he would lose his job; and 4) he was told to discontinue attendance at meetings of the State Committee of Financial Literacy"). In light of Sixth Circuit precedent, this Court simply cannot find that Ms. Moore suffered an adverse action when she was asked to make appointments to view videos, the videos were deleted, or when members of the coalition were barred from volunteering at Shelby County Animal Shelter. The conduct alleged fails to rise to the level of severity seen in other cases in which the Sixth Circuit has found an adverse action, or even the severity in some instances where it has not.
Because Ms. Moore has not suffered an adverse action sufficient to "deter a person of ordinary firmness" from exercising their First Amendment rights, the third prong of the Holzemer framework also is not met. That is not to say that there is no genuine dispute of material fact as to the motivations behind the actions taken against Ms. Moore. In fact, the record is fraught with examples and evidence that, when viewed in a light most favorable to the non-moving party, strengthen the inference that Defendants asked Ms. Moore to make appointments and deleted videos "at least in part because of [Ms. Moore's] exercise of the protected conduct." See Holzemer , 621 F.3d at 520. But because Defendants' actions did not amount to an adverse action in light of Sixth Circuit precedent, their motivation is not relevant. Ms. Moore's claim must fail. Summary judgment is granted in favor of the Defendants.
C
Federal courts are courts of limited jurisdiction. In order to hear a suit, the Court must have subject-matter jurisdiction over it. See, e.g., Thornton v. Southwest Detroit Hosp. , 895 F.2d 1131, 1133 (6th Cir. 1990) (explaining a "federal court lacks authority to hear a case without subject matter jurisdiction"). The Plaintiff's First Amendment Retaliation and § 1983 supervisory liability claims were removable to this Court because the claims arose under federal law. See 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").
The remainder of Plaintiff's claims are based on Kentucky's Open Records Act and related statutes. They are not federal questions, but were removed to this Court on the basis of supplemental jurisdiction. See 28 U.S.C. § 1367 ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."). Without the First Amendment Retaliation or the § 1983 supervisory liability claim, however, there is no longer a basis for supplemental jurisdiction over the Kentucky Open Records act violations.
Having already dismissed the claim arising under federal law, any remaining state law claims are best reserved for the state courts. See, e.g., Moon v. Harrison Piping Supply , 465 F.3d 719, 728 (6th Cir. 2006) (holding that "a federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state law claims"). Accordingly, the Plaintiff's claims related to Kentucky's Open Records Act in Counts One through Four of the complaint are properly remanded.
*810 III
At its heart, this is a dispute about the Kentucky Open Records Act. Whether Shelby County Animal Shelter inappropriately deleted videos, and whether they are presently compliant with the Kentucky Open Records Act is best decided by the state courts. Therefore, and the Court being otherwise sufficiently advised, it is hereby ORDERED as follows:
1. The Defendants' Second Motion for Summary Judgement [R. 49] is GRANTED as to Count Five of the Plaintiff's Complaint;
2. Count Five of Plaintiff's Complaint regarding First Amendment retaliation, brought under § 1983, is DISMISSED WITH PREJUDICE ;
3. Counts One through Four of the Plaintiffs' Complaint regarding state law violations are REMANDED for further consideration by the state court;
4. The pending motions [R. 50; R. 52] are DENIED AS MOOT ; and
5. This case is STRICKEN from the Court's active docket.